HAWKES, J.
This is a consolidated appeal arising out of a negligence action seeking damages for injuries sustained by Katia Betties, when a car driven by Robert Bodkin struck her in a school parking lot. Following hearings, the trial court entered two orders. The first order granted partial summary judgment in favor of Appellees Robert and James Bodkin, and denied Appellants’ motion for partial summary judgment. The second order granted partial summary judgment in favor of Appellee Debra Bodkin. Both orders were based on a conclusion that the parties had reached a binding settlement agreement before July 30, 2001. Appellants challenge these orders on several grounds, only two of which merit discussion.
First, Appellants argue the trial court erred for denying their motion for partial summary judgment, because Appel-lees failed to comply with the essential terms of Appellants’ July 30, offer to settle. However, the trial court held the July 30 letter was not an offer, and concluded settlement had been reached prior to that date. Appellants do not challenge the trial court’s ruling that the July 30 letter was not an offer. Accordingly, that ruling is the law of the case, and will not be disturbed.
Appellants’ second argument is that there was no evidence that they accepted Appellees’ offer to settle. We disagree.
Settlements are governed by the law of contracts. See e.g., Suggs v. Defranco’s, Inc., 626 So.2d 1100 (Fla. 1st DCA 1993). Pursuant to contract law, the acceptance of an offer which results in an enforceable agreement must be (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer. See Nichols v. Hartford Ins. Co. of the Midwest, 834 So.2d 217, 219 (Fla. 1st DCA 2002). “[Acceptance must contain an assent — or meeting of the minds — to the essential terms contained in the offer.” Id. There are no “magic words” required to accept an offer. It is only necessary to match the terms of the offer to result in an enforceable contract.
Here, the uncontested facts show the Bodkins, through their insurance provider, Atlanta Casualty Company (ACC), offered Appellants $100,000.00 in policy limits to settle the claim, and that the offer continually remained available.
On July 2, 2001, Gillespie’s counsel wrote GEICO, Gillespie’s insurance carrier stating ACC had tendered its policy limits of $100,000.00, his client had agreed to accept policy limits, and they had received court approval to accept that amount. This letter was admitted into evidence, and Appellants do not allege its admission was erroneous. Thus, it was properly considered by the trial court in determining *851 whether a settlement had been reached. The letter constituted evidence of Appellants’ understanding that an offer had been made, and evidenced Appellants’ unconditional acceptance, identical with the terms of the offer. From this letter, the trial court could properly conclude Appellants had previously unconditionally accepted ACC’s offer, and that a binding settlement agreement was formed.
Accordingly, the orders granting partial summary judgment in favor of the Bodkins are AFFIRMED.
KAHN, and VAN NORTWICK, JJ„ concur.