[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14175
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-21418-KMM

RAFAEL VERGARA HERMOSILLA,

Plaintiff - Appellant,

versus

THE COCA-COLA COMPANY,
a Delaware corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 12, 2012)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rafael Vergara Hermosilla appeals the award of attorney's fees and costs to the Coca-Cola Company, which obtained a summary judgment against his complaint of copyright infringement. The district court awarded Coca-Cola attorney's fees and costs because Vergara "should reasonably have known that his assignment [of his copyright interest] would be determined to be valid prior to filing the suit" or, alternatively, "as soon [as] it became clear during discovery that his claim would lose." Vergara argues that Coca-Cola is not entitled to recover any of its expenses because his claim of copyright infringement was objectively reasonable. We affirm.

Vergara sued Coca-Cola for allegedly infringing a copyright that Vergara held in a remixed song, the Celebration Mix, which he had adapted into Spanish for Coca-Cola to use in an advertising campaign. The district court entered summary judgment in favor of Coca-Cola, and we affirmed on the ground that "the record establishe[d] without dispute that Vergara assigned [by email] his copyright interest [in the adaptation] to Universal" Music Latin America, which in turn had assigned its rights to the adaptation to Coca-Cola. Hermosilla v. The Coca-Cola Co., No. 11-11317 (11th Cir. Nov. 3, 2011).

Coca-Cola moved for an award of $1,576,852.48 for attorney's fees and $125,285.78 for costs, but the district court awarded Coca-Cola $535,135 for

2

attorney's fees and $43,011.99 for costs.  The district court reduced the hourly rate and number of hours billed by counsel and support personnel.  Although the district court awarded costs "necessary in the case," such as court costs, photocopying, and telephone charges, see 28 U.S.C. § 1920, the district court denied or reduced the charges for litigation support services, travel, and retaining an expert witness.

The Copyright Act gives a district court the district power to award "costs by or against any party" and "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505.  When the district court weighs the factors that the Supreme Court identified to "guide courts' discretion" in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 & n.19, 114 S. Ct. 1023, 1033 & n.19 (1994), "we will not question the court's decision to grant or deny fees absent an abuse of that discretion," MiTek Holdings, Inc. v. Arce Eng'g Co., 198 F.3d 840, 842 (11th Cir. 1999).  "We will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review." Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 678 F.3d 1199, 1201 (11th Cir. 2012).

The district court did not abuse its discretion when it awarded attorney's

3

fees and costs to Coca-Cola.  The district court ruled that Vergara's litigation was "objectively unreasonable" because Florida law, which Vergara acknowledged as governing the interpretation of copyright contracts, provided that an email satisfied the statute of frauds.  The district court was entitled to conclude that Vergara's complaint, or at least his decision to continue litigating his complaint, was factually and legally unreasonable.  The purposes of the copyright law are served only when parties "litigate meritorious claims of infringement." Fogerty, 510 U.S. at 527, 114 S. Ct. at 1030; see MiTek, 198 F.3d at 842.

We **AFFIRM** the award of attorney's fees and costs to the Coca-Cola Company.