SWANSON, J.
In this mortgage foreclosure action, appellant claims the trial court erred in entering summary final judgment for appel-lee because (1) there was no evidence that appellee gave the borrower (Patrick Buckley) a written notice of default and an opportunity to cure the default before instituting the foreclosure action as required by the terms of the mortgage; (2) appellee failed to establish that it held the note and' mortgage prior to the filing of the foreclosure complaint; and (3) appellee’s supporting affidavit as to the amount owed on the note contained inadmissible hearsay. For the reasons that follow, we affirm the judgment of foreclosure except as to the amount due under the note and remand for further proceedings to determine that amount.
As to its first claim, appellant concedes it was not a party to the mortgage and was not entitled to a written notice of default or an opportunity to cure the default under the terms of the mortgage. Because appellant was not a party to the mortgage, appellee correctly asserts that appellant does not have standing to challenge any violation of these mortgage terms. The borrower, Buckley, was the only party who could plead nonperformance of these conditions precedent as required by Florida Rule of Civil Procedure 1.120(c). His failure to do so, and his subsequent default, resulted in the waiver of the conditions. See Rivera v. Hammer Head Constr. & Dev. Corp., 14 So.3d 1190 (Fla. 5th DCA 2009) (holding that the failure to plead nonperformance of a condition precedent specifically and with particularity under rule 1.120 results in the waiver of the condition).
As to appellant’s second claim, ap-pellee’s possession of the note secured by the mortgage is sufficient by itself to establish standing to foreclose, even without a formal assignment of the mortgage. Wells Fargo Bank, N.A. v. Morcom, 125 So.3d 320, 321-22 (Fla. 5th DCA 2013); Everhome Mortg. Co. v. Janssen, 100 So.3d 1239, 1240 (Fla. 2d DCA 2012); *85 Chem. Residential Mortg. v. Rector, 742 So.2d 300 (Fla. 1st DCA 1998). However, appellee must prove that it was a holder of the note in due course at the time of the filing of the foreclosure complaint. Kiefert v. Nationstar Mortg., LLC, 2014 WL 5099374, 39 Fla. L. Weekly D2151 (Fla. 1st DCA Oct. 13, 2014); Boyd v. Wells Fargo Bank, N.A., 143 So.3d 1128 (Fla. 4th DCA 2014); Hunter v. Aurora Loan Servs., LLC, 137 So.3d 570, 573 (Fla. 1st DCA 2014); Focht v. Wells Fargo Bank, N.A., 124 So.3d 308, 310 (Fla. 2d DCA 2013). When appellee filed the foreclosure complaint, it attached a copy of the note and an undated allonge to the note containing an endorsement in blank. This was sufficient to establish as a matter of law that appellee had standing to bring the foreclosure action. See Morcom, 125 So.3d at 322; U.S. Bank Nat’l Ass’n v. Knight, 90 So.3d 824 (Fla. 4th DCA 2012); Deutsche Bank Nat’l Trust Co. v. Lippi, 78 So.3d 81, 85 (Fla. 5th DCA 2012).
As to its final claim, appellant asserts the trial court erred in entering summary judgment based on the affidavit of Theresa Klingelhofer, appellee’s vice-president who relied in part on business records from the prior owner of the note, EMC Mortgage Corporation, to determine the amount owed on the note. We agree with appellee that this affidavit contained inadmissible hearsay in the absence of any showing that Klingelhofer was familiar with the business practices of EMC Mortgage Corporation or the accuracy of its records. See Burdeshaw v. Bank of N.Y. Mellon, 148 So.3d 819 (Fla. 1st DCA 2014) (holding that computer printouts showing the fees, expenses, and balance due on the note and mortgage were not admissible under the business records exception to the hearsay rule where the printout was not authenticated by a records custodian or a person with specific knowledge of the debt or the transaction of the information between the original lender and subsequent servicers); Hunter, 137 So.3d at 573 (holding that a loan services employee, through whom computer-generated documents of the original mortgage holder were offered, lacked personal knowledge of the record-keeping procedures required for admission of the documents in the foreclosure action under the business records exception to the hearsay rule).
Although appellant unsuccessfully objected to the affidavit on hearsay grounds at the summary judgment hearing, appellee asserts this claim is not preserved for appeal because appellant never moved to strike the affidavit prior to the hearing. However, we have uncovered no authority requiring appellant to move to strike the affidavit in order to preserve its hearsay objection for appeal. We also reject appellee’s assertion that appellant lacked standing to raise this claim. As the current owner of the property, appellant had standing to challenge Klingelhofer’s affidavit as to the amount of the debt owed because it related to appellant’s right of redemption, i.e., how much appellant would have to pay under the judgment in order to exercise its right to stop the foreclosure sale. Beauchamp v. Bank of N.Y., Trust Co., N.A., 150 So.3d 827 (Fla. 4th DCA 2014). Accordingly, we affirm the judgment of foreclosure except as to the amount due under the note and remand for further proceedings to determine that amount. Id.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
PADOVANO and WETHERELL, JJ„ concur.