NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WALTER G. NOWLIN and VALERIE A. )
NOWLIN, )
)
        Appellants, )
)
v. )        Case No. 2D15-331
)
NATIONSTAR MORTGAGE, LLC, )
)
        Appellee. )
_____ )

Opinion filed June 10, 2016.

Appeal from the Circuit Court for
Hillsborough County; Donald C. Evans,
Senior Judge, and Sandra Taylor, Judge.

Peter Ticktin, Kendrick Almaguer, and
Satyen D. Gandhi of The Ticktin Law Group,
P.A., Deerfield Beach, for Appellants.

Nancy M. Wallace and Michael J. Larson of
Akerman LLP, Tallahassee; and William P.
Heller of Akerman LLP, Fort Lauderdale, for
Appellee.


CASANUEVA, Judge.

        Walter G. Nowlin and Valerie A. Nowlin appeal a final judgment of

foreclosure entered in favor of Nationstar Mortgage, LLC, and they raise two claims of

error.  First, the Nowlins contend that the trial court erred in finding that they defaulted

on the mortgage when the loan had been modified, and second, they contend that the trial court erred in finding that Nationstar complied with a condition precedent clause contained in the mortgage.  On the authority of Green Tree Servicing, LLC v. Milam, 177 So. 3d 7 (Fla. 2d DCA 2015), reh'g denied, (Oct. 13, 2015); Ortiz v. PNC Bank, National Ass'n, 41 Fla. L. Weekly D799 (Fla. 4th DCA Mar. 30, 2016); Bank of New York v. Mieses, 187 So. 3d 919 (Fla. 3d DCA 2016); and Bank of New York Mellon v. Johnson, 185 So. 3d 594 (Fla. 5th DCA 2016), we affirm the trial court's ruling as to the second issue without further discussion.

We agree with the Nowlins that the trial court erred in entering a final foreclosure judgment when the loan at issue had been modified.  We will also address an issue created by the manner in which the final judgment was issued.

## I. FACTS AND PROCEDURAL HISTORY

BAC Home Loans Servicing filed an amended foreclosure complaint against the Nowlins which alleged that the Nowlins defaulted on a mortgage and promissory note that were executed on October 7, 2002.[1]  BAC alleged that the installment payment due on August 1, 2009, was not received, and no subsequent payments had been received.  BAC later transferred its right to enforce the loan to Nationstar, and Nationstar was substituted as the plaintiff on July 28, 2014.

At the subsequent bench trial, the Nowlins testified that BAC modified their mortgage in July 2009.  Prior to this, the Nowlins had never missed a payment and had never made a late payment.  On July 28, 2009, BAC, through its Home Retention Division, issued a letter to the Nowlins which states, "We are pleased to advise you that

---

[1]The original complaint was filed on June 18, 2010.

- 2 -

your loan modification has been approved. In order for the modification to be valid, the enclosed documents need to be signed and returned." Two documents had to be returned: a Step Rate Loan Modification Addendum to Loan Modification Agreement and a Loan Modification Agreement. The modification documents were signed, notarized, and sent back to BAC via Federal Express. The Nowlins used the Federal Express envelope which was provided to them by BAC. The Nowlins produced a receipt from Federal Express indicating that the envelope was shipped on August 17, and that it was received on August 18, 2009.

The Nowlins were also required to send to BAC cashier's checks for three consecutive mortgage payments beginning on October 1. They were informed that after the third payment was received, the modification would become permanent. The Nowlins introduced a certified check that was cashed by BAC on September 9 for the first payment that was due on October 1. Two other certified checks were introduced into evidence which had been cashed by BAC for the payments due on November 1 and December 1.

Despite the Nowlins' compliance with the terms of the modification agreement, BAC sent a letter to the Nowlins in December 2009, notifying them that BAC was going to accelerate their loan because the August 1, 2009, payment had not been received. When Ms. Nowlin called to find out why the modification was cancelled, BAC informed her that the modification had been cancelled in November, and they would have to obtain another modification. The Nowlins sent in the paperwork for the second loan modification, but BAC claimed that the paperwork was not in their file.

## II. EVIDENCE ESTABLISHED A VALID AGREEMENT TO MODIFY LOAN

We conclude that there was a valid modification agreement between BAC and the Nowlins and, therefore, the trial court erred in entering the judgment of foreclosure. "A contract is made when the three elements of contract formation are present: offer, acceptance, and consideration. No person or entity is bound by a contract absent the essential elements of offer and acceptance." 11 Fla. Jur. 2d Contracts § 25 (2016) (footnotes omitted).

Further, "[w]ith a bilateral contract such as the one in this case, acceptance is the last act necessary to complete the contract." Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721, 725 (M.D. Fla. 2000). "Pursuant to contract law, the acceptance of an offer which results in an enforceable agreement must be (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer." Gillespie v. Bodkin, 902 So. 2d 849, 850 (Fla. 1st DCA 2005).

When the acceptance of an offer is conditioned upon the mailing of the acceptance, the acceptance "is effective upon mailing and not upon receipt." Morrison v. Thoelke, 155 So. 2d 889, 905 (Fla. 2d DCA 1963).

> An acceptance may be transmitted by any means which the offeror has authorized the offeree to use and, if so transmitted, is operative and completes the contract as soon as put out of the offeree's possession, without regard to whether it ever reaches the offeror, unless the offer otherwise provides.

Kendel v. Pontious, 261 So. 2d 167, 169 (Fla. 1972) (quoting Restatement (First) of Contracts § 64 (Am. Law Inst. 1932)).

BAC specifically defined what actions would constitute an acceptance of its offer to modify the mortgage contract. The Nowlins were required to sign and return the documents provided by BAC, and they were required to make three monthly payments beginning on October 1, 2009. The Nowlins testified that they returned the signed documents in the Federal Express envelope provided by BAC, and they produced a receipt from Federal Express indicating that the envelope was shipped on August 17 and that it was received on August 18, 2009.

At trial, Nationstar did not dispute the contents of the July 28 letter, the fact that a Federal Express envelope was enclosed to facilitate the return of the loan documents, or the fact that Federal Express delivered a package to a Pittsburgh address and its Home Retention Division address is 100 Beecham Drive, Suite 104, Pittsburgh, Pennsylvania. Rather, its default specialist testified that Nationstar had no record of receiving the loan modification documents. Therefore, it contended, the Nowlins must not have returned the loan modification documents. We do not find merit in this argument, because it was the mailing of the documents that constituted an acceptance of the offer, not whether Nationstar's records showed that the documents were received.

Finally, the evidence reflected, without contradiction, that subsequent to the mailing of the loan modification documents, the Nowlins tendered three consecutive monthly payments in the amount required by BAC. Nationstar's witness confirmed that each of the Nowlins' three payments had been received and accepted. When a party accepts the benefits under a contract, courts must ratify the contract even if that party contends that it had a contrary intent. Stevenson v. Stevenson, 661 So. 2d 367, 369

(Fla. 4th DCA 1995). Thus, by accepting the benefits of the loan modification, Nationstar cannot now question the validity of the contract. Having entered into a valid modification agreement, Nationstar could only foreclose by alleging and proving a breach of the modification agreement and neither of which was done here. See Kuehlman v. Bank of Am., N.A., 177 So. 3d 1282, 1283 (Fla. 5th DCA 2015).

## III. FINAL JUDGMENT

Although not raised by the parties, we are greatly concerned over the final judgment issued in this case. The trial transcript reflects that the proceedings were heard before the Honorable Sandra Taylor. At the conclusion of the foreclosure trial, she made no findings of fact or rulings of law. However, the final judgment purports to have been rendered by the Honorable Donald C. Evans, Senior Judge. Nothing in our record establishes or even hints at why a judge, other than the trial judge, entered this final judgment. The entry of a final judgment by a judge who did not preside over the trial, without more, is improper. "[A] successor judge may not enter an order or judgment based upon evidence heard by the predecessor judge." Hartney v. Piedmont Tech., Inc., 814 So. 2d 1217, 1218 (Fla. 1st DCA 2002) (quoting Carr v. Byers, 578 So. 2d 347, 348 (Fla. 1st DCA 1991)); see also Acker v. State, 823 So. 2d 875, 876 (Fla. 2d DCA 2002) (reversing probation order where judge who signed the order did not hear the testimony of the witnesses nor could she evaluate their credibility).

## IV. CONCLUSION

We reverse the final judgment of foreclosure and remand with directions to enter judgment in favor of the Nowlins.

LUCAS and SALARIO, JJ., Concur.