DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN ROUFFE** and **RACHEL PEARL**
a/k/a **RACHEL ROUFFE,**
Appellants,

v.

**CITIMORTGAGE, INC.,**
Appellee.

No. 4D16-3583

[March 21, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey D. Gillen, Judge; L.T. Case No. 50-2011-CA-018454-XXXX-MB.

W. Trent Steele of Steele Law, Hobe Sound, for appellants.

David Rosenberg and Jarrett Cooper of Robertson, Anschutz & Schneid, P.L., Boca Raton, for appellee.

BELANGER, ROBERT, Associate Judge.

Appellants, Jonathan Rouffe and Rachel Pearl, a/k/a Rachel Rouffe, ("the Heirs"), appeal the final judgment of foreclosure entered in favor of appellee, CitiMortgage, Inc. ("Citi"). On appeal, the Heirs contend that the trial court erred in denying their motion for involuntary dismissal at trial, arguing that Citi failed to prove the borrower defaulted, Citi failed to provide evidence of a forbearance agreement, and failed to establish the correct date of default. For the reasons discussed below, we affirm in part and reverse in part with remand.

In 2003, the borrower borrowed money to purchase her home. Citi acquired the note and mortgage which secured the borrower's loan.

In March 2010, the borrower failed to make payments required under the loan. In March 2011, the borrower died, and in November 2011, Citi filed a foreclosure action to enforce the note and mortgage. The Heirs were heirs of the borrower, and were indispensable parties properly named in Citi's complaint.

At trial, Citi's main witness testified regarding the date of default, but provided several dates, explaining that the borrower made partial payments for some time, so there was a date of "last full payment," versus partial payments received.

This witness also mentioned forbearance agreements between the borrower and Citi, and over Citi's objection, the Heirs' counsel questioned the witness regarding these agreements. Neither party, however, offered the agreements into evidence.

After Citi rested, the Heirs moved for involuntary dismissal, arguing that Citi failed to provide the forbearance agreements, and therefore, failed to prove how and when the borrower defaulted. The trial court disagreed, denied the Heirs' motion, and eventually entered a final judgment of foreclosure. The Heirs gave notice of appeal.

The applicable standard of review for a motion for involuntary dismissal is *de novo. Deutsche Bank Nat'l Tr. Co. v. Clarke,* 87 So. 3d 58, 60 (Fla. 4th DCA 2012). A motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b) in a non-jury trial can be equated to a motion for directed verdict in a jury trial:

> When an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party.

*Id.*; *see also Deutsche Bank Nat'l Tr. Co. v. Huber,* 137 So. 3d 562, 563-64 (Fla. 4th DCA 2014). On appeal, the Heirs argue, as they did below, that Citi failed to prove how and when the borrower defaulted.

We affirm the trial court's ruling for two reasons: (1) the Heirs did not have standing to challenge the borrower's liabilities under the note and mortgage; and (2) even if the Heirs did have standing, it was their burden to plead the affirmative defense regarding the forbearance agreement.

In *Clay County Land Trust No. 08-04-25-0078-014-27, Orange Park Trust Services, LLC v. JPMorgan Chase Bank, National Ass'n,* 152 So. 3d 83 (Fla. 1st DCA 2014), the appellant, the current owner of the property at issue, asserted that the appellee-bank failed to give the borrower written notice of default and an opportunity to cure as required by the mortgage.

*Id.* at 84. The First District held that "[b]ecause appellant was not a party to the mortgage, appellee correctly asserts that appellant does not have standing to challenge any violation of these mortgage terms." *Id.* The borrower "was the only party who could plead nonperformance of these conditions precedent." *Id.*; *see also Pealer v. Wilmington Tr. Nat'l Ass'n for MFRA Tr.,* 212 So. 3d 1137, 1139 (Fla. 2d DCA 2017) ("At no time were the Pealers parties to the note and mortgage. As such, the Pealers' interest is limited to their possession of the property and is subordinate to the bank's interest, which stems from the note and mortgage. Therefore, the Pealers may participate in the bank's foreclosure proceedings only to the extent that they plan to exercise their statutory right of redemption....").

We hold that since the Heirs were not parties to the note and mortgage in this case, they lack standing to challenge the borrower's rights and liabilities under the contract as opposed to challenging only the amount of damages. *Clay Cty.,* 152 So. 3d at 84; *Pealer,* 212 So. 3d at 1139.

However, even if the Heirs had standing, we would still affirm. On appeal, the Heirs argue that Citi failed to prove the borrower's default. Specifically, the Heirs argue that Citi was required, but failed, to allege and prove a default of the forbearance agreement, as opposed to proving a default of the original note and mortgage. They cite to two cases in support of this argument: *Nowlin v. Nationstar Mortgage,* LLC, 193 So. 3d 1043 (Fla. 2d DCA 2016), and *Kuehlman v. Bank of America, N.A.,* 177 So. 3d 1282 (Fla. 5th DCA 2015). However, *Nowlin* and *Kuehlman* are distinguishable insofar as both cases involved the parties who actually signed the note and mortgage, and therefore had standing to contest liability under the contract as modified. *Nowlin,* 193 So. 3d at 1044; *Kuehlman,* 177 So. 3d at 1283. Here, as Citi correctly argues, and discussed above, the Heirs were never parties to the note and mortgage, and as such, lacked standing to litigate the borrower's liability thereunder.

We also agree with Citi's argument that even if the Heirs had standing, it was their burden to plead the existence of a modification or forbearance agreement as an affirmative defense. *Accord Bank of N.Y. Mellon v. Bloedel,* 43 Fla. Law Weekly D258, 2018 Fla. App. LEXIS 1242, 2018 WL 627016 (Fla. 2d DCA Jan. 31, 2018) ("[W]e are certain that neither *Kuehlman* nor this court's parenthetical citation to *Kuehlman* in *Nowlin,* 193 So. 3d at 1046, purported to recede from long-settled law that modification, when asserted as an avoidance of liability, is an affirmative defense." (footnote omitted)).

We agree with Citi and align our court with the well-reasoned opinion of *Bloedel.*

3

*Bloedel* reiterates well-settled law, that:

> The effect of a modification to a legal agreement, to the extent it would constitute an avoidance of all or part of a defendant's liability under the agreement, is an affirmative defense that must be pled and proven by the defendant. *See* Fla. R. Civ. P. 1.110(d) "[A] party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense."; *BSP/Port Orange, LLC v. Water Mill Props., Inc.*, 969 So. 2d 1077, 1078 (Fla. 5th DCA 2007) (holding that an alleged modification to an oral commission agreement was an affirmative defense that had to be pled).

Notably, although we hold that the Heirs lack standing to challenge liability in this case, they do have standing to challenge the amount due under the note, because it affects their substantive right of redemption under section 45.0315, Florida Statutes (2016). In this case, there was testimony and evidence in the form of a payment history, sufficient to present a prima facie case on damages. *Wachovia Mortg., F.S.B. v. Goodwill*, 199 So. 3d 346, 348 (Fla. 4th DCA 2016) (remanding for further proceedings because "[t]he payment history and testimony of [the bank]'s witness were sufficient to present a prima facie case on damages and withstand involuntary dismissal"); *Ottawa Props. 2 LLC v. Cent. Mortg. Co.*, 202 So. 3d 102, 103 (Fla. 4th DCA 2016) ("Because there was some, but insufficient, evidence of the total amount of indebtedness, we reverse on the issue of damages and remand for further proceedings.").

However, we agree with the Heirs that the conflicting evidence regarding the exact date of default affects the specific amount due in order to exercise their right of redemption.

As this court held in *Beauchamp v. Bank of New York*, 150 So. 3d 827 (Fla. 4th DCA 2014):

> Beauchamp has a right of redemption wherein he may prevent divestiture of his legal title upon payment of the amount of the debt specified in the judgment. *CCC Props., Inc. v. Kane*, 582 So. 2d 159, 161 (Fla. 4th DCA 1991); § 45.0315, Fla. Stat. (2013). Therefore, even though Beauchamp is not personally liable for the debt, the amount of the debt owed is important as it relates to Beauchamp's right of redemption, specifically as to the amount due under the judgment in order to exercise his right to stop the foreclosure sale.

Thus, the Bank's failure to provide admissible evidence that would establish the proper amount due on the note was not harmless error. Rather, proof of the amount of debt owed was required to allow the foreclosure, and Beauchamp's ownership rights and right of redemption are substantive rights that were adversely affected by the error.

*Id.* at 828-29 (footnote omitted).

As in *Beauchamp*, we affirm the judgment of foreclosure, except as to the amount due under the note, and remand the case for further proceedings to determine that amount.

*Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.*

CIKLIN and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**