DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE BANK OF NEW YORK MELLON**
f/k/a **THE BANK OF NEW YORK, AS TRUSTEE FOR CWABS, INC.
ASSET-BACKED CERTIFICATES, SERIES 2003-BC4,**
Appellant,

v.

**FLORIDA KALANIT 770 LLC, DOUGLAS JACKSON, FAIRWAY ISLES
AT OLIVE TREE HOMEOWNERS ASSOCIATION INC., MICHELLE
JACKSON, OLIVE TREE PROPERTY OWNERS ASSOCIATION, INC.,
THE ENCLAVE AT FAIRWAY ISLES HOMEOWNERS ASSOCIATION,
INC.,** and **TIRZA VENTURES LLC,**
Appellees.

No. 4D18-3295

[April 24, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge, Judge; L.T. Case No. 50-2017-CA-004383-XXXX-MB.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman LLP, West Palm Beach, for appellant.

Michael S. Spoliansky of Spoliansky Law P.A., North Miami Beach, for appellee Florida Kalanit 770 LLC.

LEVINE, J.

The trial court involuntarily dismissed the foreclosure action filed by The Bank of New York Mellon ("the bank") against Florida Kalanit 770 LLC, finding that the bank lacked standing because the allonge predated the note. We find the fact that the allonge predated the note by one day did not render the allonge invalid. Therefore, we reverse.

The bank filed a foreclosure complaint against Florida Kalanit, alleging it was the holder of the note. A copy of the note attached to the complaint contained an allonge with an endorsement from the original lender to the bank. The allonge was dated one day before the note was executed. Both

the note and the allonge contained the borrower's name, the property address, the note date, and the loan amount. Florida Kalanit filed an answer and affirmative defenses alleging that the bank was not the proper party to bring the action and that the endorsement was executed by "robo-signors."

During trial, the bank introduced testimony from an employee of the servicer. The bank also introduced into evidence the original note, mortgage, limited power of attorney, payment history, and judgment figures. Toward the end of cross-examination, the trial court interjected and questioned how the note was assigned the day before it was signed. Florida Kalanit responded that it could not be. Florida Kalanit then asked the witness, "Could you explain to the Court . . . how that allonge could be attached to the note that doesn't exist before the note was signed?" The witness responded, "I don't know."

Florida Kalanit then moved for an involuntary dismissal, arguing that the allonge "legally could never exist because it was dated, as the Court noted, before the note came into existence." The trial court granted the motion for involuntary dismissal "[b]ased upon standing" because the "[a]llonge attached to the note was dated before the note came into existence." After denying rehearing, the trial court entered a final order of dismissal.

An order granting a motion for involuntary dismissal is reviewed de novo. *Rouffe v. CitiMortgage, Inc.*, 241 So. 3d 870, 872 (Fla. 4th DCA 2018). In the instant case, the trial court granted the involuntary dismissal based on lack of standing. Whether a party has standing to bring an action is reviewed de novo. *Vogel v. Wells Fargo Bank, N.A.*, 192 So. 3d 714, 716 (Fla. 4th DCA 2016). "When a mortgage foreclosure case proceeds to a bench trial, the plaintiff bank need only present competent, substantial evidence that it has standing to foreclose." *Id.* (citation omitted). A party must prove it has "standing to bring a mortgage foreclosure complaint by establishing an assignment or equitable transfer of the note and mortgage prior to instituting the complaint." *Joseph v. BAC Home Loans Servicing, LP*, 155 So. 3d 444, 446 (Fla. 4th DCA 2015).

The trial court erred in dismissing the case for several reasons. Initially, Florida Kalanit's answer did not challenge the validity of the allonge on the grounds that it predated the note. Even during trial, Florida Kalanit did not raise any issue with respect to the date of the allonge until the trial court introduced the issue. By not raising this issue in its pleadings, Florida Kalanit waived this defense to the foreclosure action. *See* Fla. R. Civ. P. 1.140(b) ("Every defense in law or fact to a claim for

2

relief in a pleading must be asserted in the responsive pleading . . . . Any ground not stated must be deemed to be waived . . . .").

Even assuming this issue was not waived, the fact that the note was executed one day after the allonge did not invalidate the allonge. "An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself." *Purificato v. Nationstar Mortg., LLC*, 182 So. 3d 821, 823 (Fla. 4th DCA 2016) (citation omitted). Nothing in this definition explicitly states or even suggests that an allonge may not be executed before the note as long as it is subsequently affixed to the note. Additionally, nothing in Florida's UCC suggests that an allonge may be signed only after executing the note. Significantly, the UCC expressly states that "[a]n instrument may be antedated or postdated." § 673.1131, Fla. Stat. (2018).

Further, Florida law recognizes that an entity may contract to sell property that it does not own at the time of contracting. "Under the doctrine of after-acquired title if a grantor purports to transfer ownership of real property to which he lacks legal title at the time of the transfer, but subsequently acquires legal title to the property, the after-acquired title inures, by operation of law, to the benefit of the grantee." *BMCL Holding LLC v. Wilmington Tr., N.A.*, 201 So. 3d 109, 111 (Fla. 3d DCA 2015) (citation and quotation marks omitted). "The doctrine of after-acquired title applies to mortgages." *Id.* at 112.

Cases from other jurisdictions have also concluded that an allonge may predate the execution of a note. *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 740 (E.D. Tex. 2013) (finding that note executed three days after the date on the allonge did not invalid the allonge); *IndyMac Bank v. Miguel*, 184 P.3d 821, 828 (Haw. Ct. App. 2008) (finding assignment of mortgage valid even though it predated the execution of the mortgage by one day); *HSBC Bank USA, Nat'l Ass'n v. Lia*, A-2032-13T3, 2015 WL 9694367, *7 (N.J. Super. Ct. App. Div. Jan. 8, 2016) (finding bank satisfied its obligation to establish its right to foreclose where defendants "did not challenge the validity of the recorded assignment that predated the filing of the complaint").

Because the trial court erred in concluding that the bank lacked standing to foreclose, we reverse and remand for further determination consistent with this opinion.

*Reversed and remanded.*

3

TAYLOR and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***