DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-QO1,**
Appellant,

v.

**JB INVESTMENT REALTY, LLC, BW HOMEOWNERS' ASSOCIATION, INC., BOCA FALLS HOMEOWNERS ASSOCIATION, INC., HENRY R. ENSLER, HOMECOMINGS FINANCIAL, LLC** f/k/a **HOMECOMINGS FINANCIAL NETWORK,** Inc., a dissolved Florida corporation, by and through Jill M. Horner, its president, and
**KIMBERLY A. ENSLER,**
Appellees.

No. 4D18-3240

[June 5, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 50-2017-CA-003675-XXXX-MB.

Nancy M. Wallace, Akerman LLP, Tallahassee, William P. Heller, Akerman LLP, Fort Lauderdale, and Eric M. Levine, Akerman, LLP, West Palm Beach, for appellant.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, and Donald J. Thomas of Lewis & Thomas, LLP, Boca Raton, for appellees JB Investment Realty, LLC, and the Enslers.

LEVINE, J.

The trial court entered an involuntary dismissal in this case after determining that the bank was required to enter into evidence the entire payment history in order to proceed with its mortgage foreclosure action. We find the trial court erred in granting an involuntary dismissal and requiring the entire payment history "from the beginning" to be in evidence before the bank could proceed with the foreclosure action. We therefore reverse and remand for a new trial.

Deutsche Bank ("the bank") brought a mortgage foreclosure action against appellees. The complaint alleged that the loan originated in 2005 and that a default occurred on July 1, 2012. At trial, the bank presented testimony from a default case analyst with the current servicer who also worked for a prior servicer. The witness generally testified about what a "boarding process" is, but never expressly testified that the loan documents in the instant case had been boarded. During the witness's testimony, the loan payment history from February 2008 to August 2018 was introduced into evidence over objection.

Significant to the issue in this case, the payment history did not include the period from the loan's inception in 2005 to February 2008. The witness did not know who serviced the loan during this period or why the principal of the loan had increased during this timeframe. The witness testified that the last payment received was in 2008, but that the bank was not seeking any interest or damages from prior to 2012. The witness testified to the amount of unpaid principal as well as taxes and insurance.

Appellees moved for involuntary dismissal based on failure to prove damages due to the lack of any payment history between 2005 and February 2008. The trial court stated that the Fourth District requires the "entire history of the loan . . . from the beginning," and as a result, the trial court granted the motion for involuntary dismissal based on the fact that the bank did not have the loan's complete financial history. This appeal ensues.

"The applicable standard of review for a motion for involuntary dismissal is *de novo.*" *Rouffe v. CitiMortgage, Inc.*, 241 So. 3d 870, 872 (Fla. 4th DCA 2018). "A motion for involuntary dismissal under Fla. R. Civ. P. 1.420(b) in a non-jury trial can be equated to a motion for directed verdict in a jury trial . . . ." *Id.* "An involuntary dismissal or directed verdict is properly entered only when the evidence considered in the light most favorable to the non-moving party fails to establish a *prima facie* case on the non-moving party's claim." *Bayview Loan Servicing, LLC v. Luciano Del Lupo*, 208 So. 3d 97, 98 (Fla. 4th DCA 2017) (citation omitted).

"To establish a prima facie case, a foreclosure plaintiff must prove . . . the amount due." *Liberty Home Equity Sols., Inc. v. Raulston*, 206 So. 3d 58, 60 (Fla. 4th DCA 2016). "In other words, the plaintiff must introduce . . . some evidence regarding the outstanding debt." *Id.*

Courts have "made a distinction between cases in which evidence of indebtedness was improperly admitted or was insufficient [and] those in which no evidence of the amount of indebtedness was admitted." *Paeth v.*

*U.S. Bank Nat'l Ass'n for C-Bass Mortg. Loan Asset-Backed Certificates*, 220 So. 3d 1273, 1275 (Fla. 2d DCA 2017). In cases with insufficient evidence, "courts have remanded for further proceedings at which the plaintiff [can], in essence, try again." *Id.* In cases with no evidence of the amount of indebtedness, courts have "remand[ed] for an involuntary dismissal rather than . . . give the party making the error an opportunity to retry its case." *Id.* (citation and quotation marks omitted).

Consistent with this rule, in *Wells Fargo Bank, N.A. v. Eisenberg*, 220 So. 3d 517, 522-23 (Fla. 4th DCA 2017), this court reversed an involuntary dismissal where the bank made a prima facie showing of the amounts due and owing, even though the portion of the payment history showing the date on which the borrower was alleged to have initially defaulted was not admitted into evidence. Similarly, in *Deutsche Bank National Trust Co. v. Baker*, 199 So. 3d 967, 968-69 (Fla. 4th DCA 2016), this court found the trial court erred in granting an involuntary dismissal where the bank presented prima facie evidence of damages, even though the evidence of damages was based on inadmissible hearsay that was erroneously admitted at trial.

Applying the above authority to the instant case, the bank made a prima facie showing of the amount of indebtedness by offering the payment history from February 2008 to August 2018 as well as witness testimony as to the amounts due and owing. Further, contrary to the trial court's finding, this court has never held that the entire loan history is required in order to foreclose on a mortgage.

Significantly, the bank sought damages only from 2012 onward. It did not seek any damages for the period during which there was no evidence as to the loan payment history. Following the trial court's reasoning, if a bank did not have the entire payment history in its business records, then it never would be able to foreclose. This is not the law, as each subsequent default creates a distinct cause of action subject to a different calculation of damages. *See Bartram v. U.S. Bank, N.A.*, 211 So. 3d 1009, 1019 (Fla. 2016). Thus, how much of the payment history is required to be entered into evidence generally will depend on the damages sought.

In sum, the trial court erred in granting an involuntary dismissal based on an incomplete payment history. When considered in the light most favorable to the bank, the evidence regarding the payment history was sufficient to establish a prima facie case on damages. Having admitted that evidence, the trial court erred by granting an involuntary dismissal. As such, we reverse the involuntary dismissal and remand for a new trial. *See Bayview*, 208 So. 3d at 98.

3

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***