FORST, J.
In this foreclosure action, Appellant Deutsche Bank National Trust Company appeals the trial court’s final judgment granting Appellees Robin and Thomas Huber’s motion for involuntary dismissal. Appellant argues that the trial court reversibly erred in two respects: (1) dismissing the action where Appellant presented the original promissory note at trial but moved a copy of the note into evidence; and (2) determining the rights of its servicing agent, a non-party. For the reasons stated below, we find no merit in the former argument, but remand for correction in regard to the latter.
Our standard of review for a motion for involuntary dismissal is de novo. Deutsche Bank Nat’l Trust Co. v. Clarke, 87 So.3d 58, 60 (Fla. 4th DCA 2012). A motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b) in a non-jury trial can be equated to a motion for directed verdict in a jury trial. See id. at 60 n. 1. ‘When an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a *564 verdict in favor of the nonmoving party.” Id. at 60. The granting of a motion for involuntary dismissal operates as an adjudication on the merits, unless the court specifies otherwise, finding that the non-moving party has not shown the right to relief under the applicable facts and law. Fla. R. Civ. P. 1.420(b).
“This court has recognized that possession of the original note is a significant fact in deciding whether the possessor is entitled to enforce its terms.” Clarke, 87 So.3d at 61 (citing Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010)). Because a promissory note is a negotiable instrument, a plaintiff seeking to foreclose on a defendant must produce the original note (or provide satisfactory explanation of the failure to produce) and surrender it to the court or court clerk before the issuance of a final judgment in order to take it out of the stream of commerce. See, e.g., Downing v. First Nat’l Bank of Lake City, 81 So.2d 486, 488 (Fla.1955); Clarke, 87 So.Sd at 60-61; Johnston v. Hudlett, 32 So.3d 700, 704 (Fla. 4th DCA 2010).
In the instant case, although Appellant presented the original note to a witness at trial, Appellant only moved a copy of the note into evidence. Contrary to Appellant’s arguments, we find this case distinguishable from our decision in Clarke, because here, no record evidence exists to show that Appellant surrendered the original note to the court before the final judgment was issued, nor did Appellant offer a satisfactory explanation as to its failure to do so. See Clarke, 87 So.3d at 59-61. Appellant maintains that it surrendered the note in a “package” to the clerk following the trial and requests this court to make the “logical and equitable” presumption that the original note was in the “package” surrendered to the court. However, this court does not make “logical and equitable” leaps of faith, as it cannot (and should not) make any such determination unsupported by the record before it. Appellant further contends that the trial court’s decision should be reversed because “the proof was in the pudding.” This may be true as, for all we know, the original promissory note was in that pudding. Nonetheless, it was not admitted into evidence at trial (although a copy of the note was moved into the record) and there is no indication that the original note has been previously filed with the court or the court clerk. Contra Clarke, 87 So.3d at 59. As such, we affirm the final judgment granting involuntary dismissal. See Downing, 81 So.2d at 488.
We do find error with the trial court’s determination in the final judgment that Appellant’s servicing agent, American Home Mortgage Servicing, Inc., lacked standing to bring the foreclosure action on behalf of Appellant. The record clearly reflects that Appellant filed the foreclosure complaint on its own behalf, having the servicing agent merely verify the complaint pursuant to Florida Rule of Civil Procedure 1.110(b). A plaintiffs loan servicing agent is a proper representative to verify a mortgage foreclosure complaint. See U.S. Bank, N.A. v. Wanio-Moore, 111 So.3d 941, 941 (Fla. 5th DCA 2013). The trial court improperly applied this court’s decision in Elston/Leetsdale, LLC v. CWCapital Asset Management LLC, 87 So.3d 14 (Fla. 4th DCA 2012), to base the involuntary dismissal in part on the servicing agent’s lack of standing. Since the record is clear that the servicing agent was not a party to the action as it was not the entity that filed the complaint, it was improper for the court to make such a determination. Rustom v. Sparling, 685 So.2d 90, 90 (Fla. 4th DCA 1997) (“The trial court may not adjudicate the rights of a non-party.”). Therefore, although we af *565 firm the dismissal on the grounds stated above, we remand for the trial court to strike the portions of the final judgment claiming the servicing agent filed the complaint on Appellant’s behalf and determining the servicing agent’s lack of standing as a basis for dismissal.

Affirm and remand for portions of the final judgment to be stricken.

GROSS and GERBER, JJ., concur.