LAWSON, J.
Daniel and Noemi Roman appeal from a summary final judgment of foreclosure in favor of Wells Fargo Bank. We affirm in all respects and write only to address the Romans’ argument that a genuine issue of material fact should have precluded summary judgment given their averment that they did not receive Wells Fargo’s notice of default. Because the express language of the mortgage only required that Wells Fargo mail notice, not that the Romans receive it,[1] we reject the Romans’ argument. Wells Fargo established by affidavit that it mailed notice to the Romans as required by the mortgage. That is the material fact. See, e.g., Jackson v. Wells Fargo Home Mortg., N.A., No. 2120513, — So.3d—, 2014 WL 1098998 (Ala.Civ.App. March 21, 2014) (holding that borrower’s assertion that he or she did not receive notice of default “does not establish a genuine issue of material fact regarding whether [the notice] was sent as required by the mortgage instrument”); Coleman v. BAC Servicing, 104 So.3d 195, 205 (Ala.Civ.App.2012) (rejecting borrower’s argument that genuine issue of material fact created by her denial that she had received notice where the mortgage only required mailing); Deutsche Bank Nat’l Trust Co. v. Seplowitz, No. CV075001419, 2007 WL 2757463, *1 (Sup.Ct.Conn. Sept. 12, 2007) (rejecting borrower’s argument that he never received notice of default and intent to accelerate where no dispute that lender mailed it; noting, “[a]ctual receipt of the notice is unnecessary if the mortgage documents lack such a provision”); Ne. Savings, F.A. v. Scherban, No. 930134439, 1996 WL 571466, *2-3 (Sup.Ct. Conn. Sept. 25, 1996) (same). Griffin v. Bierman, 403 Md. 186, 941 A.2d 475, 481-82 (2008) (finding that mortgage provision deeming mailing as sufficient notice did not violate due process principles); U.S. Bank Nat’l Ass’n v. Martz, No.2013-P-0028, 2013 WL 5635986 (Ohio Ct.App. Oct. 15, 2013) (affirming summary judgment, finding sufficient notice where lender mailed notice and rejecting argument that fact issue created by assertion that borrower did not receive it); U.S. Bank Natl. Assn, as Tr. c/o GMAC Mortg., L.L.C. v. *491 Weber, No. 12AP-107, 2012 WL 6669213 (Ohio Ct.App. Dec. 20, 2012) (“[AJppellee submitted affidavit evidence that the notice of default was mailed to Christopher Weber pursuant to the terms of the note and mortgage. Further, appellants submitted no contrary evidence on this issue.”); Taylor v. Countrywide Home Loans, No. 08-cv-13258, 2010 WL 750215, *4 (E.D.Mich. March 3, 2010) (“Pursuant to the terms of the Mortgage, a notice is ‘deemed to have been given to Borrower when mailed by first class mail ....’ Nothing in the Mortgage requires that the Borrowers (plaintiffs), actually receive notice for notice to have been given.”).
AFFIRMED.
COHEN and LAMBERT, JJ., concur.

. Specifically, paragraph 15 of the mortgage states that: "Any notice to Borrower in connection with this Security instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower’s notice address if sent by other means.”