DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2007-HSBC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HSBC1,**
Appellant,

v.

**COLIN F. BAKER, DEBBYTA BAKER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR IRWIN UNION BANK AND TRUST COMPANY, UNKNOWN TENANT IN POSSESSION 1** and **UNKNOWN TENANT IN POSSESSION 2,**
Appellees.

No. 4D15-1293

[ June 1, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Judge; L.T. Case No. CACE14005201.

Charles P. Gufford of McCalla Raymer, LLC, Orlando, for appellant.

Matthew D. Bavaro and Chase E. Jenkins of Loan Lawyers, LLC, Fort Lauderdale, for Appellees Colin F. Baker and Debbyta Baker.

PER CURIAM.

Deutsche Bank, the plaintiff in this foreclosure action, appeals a final order of involuntary dismissal. Because Deutsche Bank presented a prima facie case—albeit one based upon erroneously admitted evidence of damages—the trial court erred in granting an involuntary dismissal.[1] We

---

[1] We find that Deutsche Bank's other arguments for reversal are based upon mischaracterizations of the record. For example, Deutsche Bank argues that the trial court erred in sustaining the defense objection to evidence of the prior servicer's payment history, but the record shows that the trial court never ruled on the objection; instead, before the trial court made a final determination on the objection, Deutsche Bank's counsel explicitly elected to proceed without introducing evidence of the prior loan servicer's payment history. Likewise, Deutsche Bank argues that the trial court abused its discretion in dismissing the action based upon an alleged discovery violation, but this claim of error rests

therefore reverse for a new trial on damages.

The standard of review for a trial court's ruling on a motion for involuntary dismissal is de novo. *Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014).

Where a foreclosure plaintiff presents evidence of the amount of damages under the loan, there is sufficient prima facie evidence of damages to preclude an involuntary dismissal, even if the evidence of damages was based on inadmissible hearsay that was erroneously admitted at trial. *See Beauchamp v. Bank of New York*, 150 So. 3d 827, 829 n.2 (Fla. 4th DCA 2014) (reversing and remanding for further proceedings to determine the amount due under the note, rather than reversing for a dismissal, where "the Bank established the amount of indebtedness through witness testimony, even though that testimony concededly was inadmissible hearsay"); *Peguero v. Bank of Am., N.A.*, 169 So. 3d 1198, 1203–04 (Fla. 4th DCA 2015) (reversing for a determination of the correct amount owed, rather than reversing for a dismissal, where the Bank's loan payment history reflected the amount of principal, but the only evidence of the amount of interest came from a witness who merely testified that the amount written on an unadmitted proposed final judgment was correct); *but compare Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 281–82 (Fla. 2d DCA 2014) (reversing for dismissal where the plaintiff failed to produce any evidence, admissible or not, supporting the amount of indebtedness).

Here, the trial court dismissed the action because it found that Deutsche Bank failed to present reliable evidence of damages. However, we conclude that Deutsche Bank did present a prima facie case, albeit one based upon erroneously admitted evidence of damages.

Deutsche Bank established the principal balance of the loan—the only amount on which Deutsche Bank was seeking a judgment—through the current servicer's loan payment history, which was admitted into evidence over the defense objection to the portion of the exhibit listing the starting principal balance. The starting principal balance contained in the current servicer's payment history was purportedly taken from the prior servicer's records, which were not admitted into evidence. The court admitted the

upon a false premise. The record shows that the court did not dismiss the action based upon the alleged discovery violation, but rather dismissed the action based upon its conclusion that Deutsche Bank failed to present reliable evidence of damages.

2

current servicer's loan history into evidence "without prejudice" to defense counsel arguing the issue concerning the starting principal balance. However, the court later allowed Deutsche Bank's witness to testify that the unpaid principal balance was $362,216.30.

We have reviewed the trial testimony, and we find that Deutsche Bank did not lay a foundation for admitting, as a business record, the starting principal balance in the current servicer's payment history.[2] *See generally Bank of New York v. Calloway*, 157 So. 3d 1064, 1071–72 (Fla. 4th DCA 2015). Nonetheless, Deutsche Bank presented a prima facie case, even though its evidence of damages was erroneously admitted without a proper foundation. Having admitted into evidence Deutsche Bank's proof of damages, the trial court should not have granted an involuntary dismissal.

Accordingly, we reverse the involuntary dismissal and remand for a new trial on damages. Of course, at the new trial on remand, Deutsche Bank may introduce evidence of the prior servicer's business records, or the entry on the current servicer's records concerning the starting principal balance, if it lays the proper foundation.

*Reversed and Remanded.*

Ciklin, C.J., Taylor and May, JJ., concur.

\* \* \*

---

[2] To be sure, the reason Deutsche Bank did not lay the proper foundation can be traced to a defense objection to testimony about the boarding process, which prompted a long discussion culminating in Deutsche Bank abandoning its attempt to introduce such evidence. The defendants objected "to any testimony regarding the boarding process," arguing in essence that Deutsche Bank had committed a discovery violation when Deutsche Bank refused to answer the defendants' interrogatory about the boarding process. Deutsche Bank had raised a boilerplate objection to the interrogatory, claiming, among other things, that it was not reasonably calculated to lead to the discovery of admissible evidence. However, by proceeding to trial without obtaining a ruling on Deutsche Bank's objection to their interrogatory, the defendants waived any objection to Deutsche Bank's failure to answer. *See* Fla. R. Civ. P. 1.340 (Committee Note to 1972 Amendment) ("If objections are made, the interrogating party has the responsibility of setting a hearing if that party wants an answer."); *see also Pac. Sun Pub. Co. v. Chronicle Pub. Co.*, 31 Fed. R. Serv. 2d 1243, 1981 WL 380709 at *1 (N.D. Cal. 1981) ("When plaintiffs failed to pursue an answer to the interrogatory by a motion to compel, they in essence waived their ability to require supplementation . . . .").

*Not final until disposition of timely filed motion for rehearing.*