GREEN TREE SERVICING LLC, Appellant,

v.

Raju SANKER, Mallika Sanker and JP Morgran Chase Bank, National Association, Appellees.

No. 4D15–2098.

District Court of Appeal of Florida, Fourth District.

Aug. 3, 2016.

Kimberly N. Hopkins of Shapiro, Fishman & Gaché, LLP, Tampa, for appellant.

Kendrick Almaguer and Peter Ticktin of The Ticktin Law Group, P.A., Deerfield Beach, for Appellee Raju Sanker.

PER CURIAM.

Green Tree Servicing, LLC appeals the order granting Raju and Mallika Sanker's motion for involuntary dismissal of Green Tree's mortgage foreclosure suit. Because we conclude that Green Tree established its standing and proved that it complied with the mortgage's contractual requirement to mail a notice of default to the Sankers as a condition precedent to foreclosure, we reverse and remand for entry of a final judgment of foreclosure in favor of Green Tree.

We review an order granting an involuntary dismissal de novo. *Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So.3d 562, 563 (Fla. 4th DCA 2014); *see also Bank of New York v. Calloway*, 157 So.3d 1064, 1069 (Fla. 4th DCA 2015) (applying the de novo standard of review to an order granting an involuntary dismissal). "When an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm [an involuntary dismissal] only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." *Huber*, 137 So.3d at 563–64 (quoting *Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So.3d 58, 60 (Fla. 4th DCA 2012)).

As to standing, Green Tree introduced the original Note with a chain of endorsements from the original lender ending with an undated blank endorsement. Green Tree proved its standing by presenting evidence that it had possession of the original Note with all the endorsements when it filed the foreclosure complaint. *See Braga v. Fannie Mae*, 187 So.3d 1272, 1273 (Fla. 4th DCA 2016) ("If a plaintiff's standing derives from its status as a holder, based on an indorsement in blank, the plaintiff must establish that it had possession of the indorsed original note at the time the complaint was filed.").

As to the notice of default, Green Tree established that it complied with the Mortgage's contractual requirement to mail a notice of default to the Sankers as a condition precedent to foreclosure. Green Tree's witness was sufficiently familiar with the process of creating and sending the notice of default to authenticate the notice and to establish the business records exception to the hearsay rule. *See Cayea v. CitiMortgage, Inc.*, 138 So.3d 1214, 1217 (Fla. 4th DCA 2014) ("It is important to note that the authenticating witness need not be the person who actually prepared the business records.... Rather, the witness just need be well enough acquainted with the activity to provide testimony.") (citations and internal quotation marks omitted). Green Tree also presented sufficient evidence that it mailed the notice via first class mail to the Sankers. *See Allstate Ins. Co. v. Eckert*, 472 So.2d 807, 809 (Fla. 4th DCA 1985) ("[W]hen something is mailed by a business, it is presumed that the ordinary course of business was followed in mailing it and that the mail was received by the addressee."); *Roman v. Wells Fargo Bank*, 143 So.3d 489, 490 (Fla. 5th DCA 2014) (holding that the plaintiff is not required to prove that the borrowers received the notice when the express language of the mortgage required only that the plaintiff mail the notice via first class mail).

Mr. Sanker argues that the language of the notice of default did not comply with the notice requirements outlined in Paragraph 22 of the Mortgage because it improperly placed the burden on the borrower to file a suit to assert the non-existence of default or any other defense. We have expressly rejected that argument. *See Lopez v. JPMorgan Chase Bank*, 187 So.3d 343, 344–45 (Fla. 4th DCA 2016) (holding that a notice of default which states that appellant had "the right to bring a court action to assert the nonexistence of default, or any other defense to acceleration, foreclosure, and sale" substantially complied with paragraph 22 of the mortgage which provides that the borrower has the right to "assert in a foreclosure proceeding the non-existence of a default or any other defense").

Because we are reversing and remanding for the entry of a final judgment of foreclosure in favor of Green Tree, we need not address Green Tree's argument that the trial court erred in denying its motion to conform the pleadings to the evidence.

*Reversed and Remanded.*

TAYLOR, MAY and CONNER, JJ., concur.