PER CURIAM.
Wachovia Mortgage, FSB, appeals the order granting Maria Angela Goodwill and Jeff Fitzgerald’s motion for involuntary dismissal of Wachovia’s mortgage foreclosure suit. The trial court dismissed this case after determining that there was insufficient evidence of Wachovia’s standing to foreclose and of the amount of damages it sought. We reverse the involuntary dismissal because the evidence was legally sufficient as to both standing and damages. However, because the evidence of damages, while sufficient, included a payment history for which Wachovia failed to lay the necessary foundation for admission, we remand for a new trial on damages.
As to standing, Wachovia introduced evidence establishing that after the borrowers’ execution of the note and mortgage in favor of World Savings Bank, FSB in 2007, that entity changed its name to Wachovia Mortgage, FSB, thereby proving that Wachovia was the owner and holder of the Note and Mortgage when it filed the mortgage foreclosure suit. See Branden *348 burg v. Residential Credit Sols., Inc., 137 So.3d 604, 606-06 (Fla. 4th DCA 2014) (a note with special endorsement from the original lender to Ohio Savings Bank and a certificate showing that Ohio Savings Bank changed its name to Amtrust Bank, the original plaintiff, was sufficient to prove Amtrust Bank’s standing); Stanley v. Wells Fargo Bank, 937 So.2d 708, 709 (Fla. 5th DCA 2006) (concluding that printouts from comptroller’s office demonstrating that the assignee of the Note changed its name to Wells Fargo were essential in demonstrating standing). Wachovia also established that in 2009 it merged with Wells Fargo Bank, N.A., after filing suit, and that the successor entity became the owner and holder of the Note at the time of trial by operation of law. See 12 U.S.C. § 215a(e).[1]
As to damages, we find that Wa-chovia presented a prima facie case on damages, even though its evidence of damages included evidence that was erroneously admitted without the proper foundation. Wachovia presented legally sufficient evidence on the amount of damages it sought by introducing into evidence the borrowers’’ loan payment' history, which clearly set forth the “principal balance” due, and the testimony of Wachovia’s representative confirming that the payment history accurately reflected all payments received and disbursed, along with the total amount due and owing on the loan. The payment history and testimony of Wachovia’s witness were sufficient to present a prima facie case on damages and withstand involuntary dismissal, even though Wachovia failed to lay the necessary foundation for the admission of the payment history. See Beauchamp v. Bank of New York, 150 So.3d 827, 829 n. 2 (Fla. 4th DCA 2014) (reversing and remanding for further proceedings to determine the amount due under the note, rather than reversing for a dismissal, where “the Bank established the amount of indebtedness through witness testimony, even though that testimony concededly was inadmissible hearsay”).
Because we are reversing and remanding for further proceedings, we need not address Wachovia’s argument that the trial court abused its discretion in denying Wachovia’s motion to reopen the case for additional evidence on standing and damages. Moreover, on remand, Wachovia may introduce into evidence the payment history if it lays the proper foundation.

Reversed and Remanded.

TAYLOR and MAY, JJ., and KEYSER, JANIS BRUSTARES, Associate Judge, concur.

. All rights and interests of the individual merging banks in and to every type of property and choses in action shall be transferred to and vested in the receiving association by virtue of merger without any deed or other transfer. 12 U.S.C. § 215a(e).