KLINGENSMITH, J.
Bayview Loan Servicing, LLC (“Bay-view”) brought a foreclosure action against appellees. At the conclusion of Bayview’s presentation of evidence, appellees moved for dismissal, claiming Bayview failed to prove damages. The trial court agreed and entered an order of involuntary dismissal. This was error and we reverse.
At trial, Bayview presented witnesses who testified that appellees were in default on their payments. The court also admitted into evidence a copy of appellees’ payment history showing that the principal balance due on the note was $300,000. Based on the payment history, another witness testified that there was an uncured breach of payment on appellees’ account. After Bay-view rested its case, the court granted *98 appellees’ motion for dismissal and provided the following justification:
Okay. Here’s your issue for appeal, sir. Because here’s why I’m ruling on it. Is it appropriate just to place documents into evidence without substantiating what’s in the document to the court or having anyone testify to it? I think it is not.
And, therefore, I’m saying that even though the evidence is there, I cannot ferret out what the amount owed is, what the — I can maybe — I can read a note and I can tell what the original mortgage was, that the document that you have that I did allow in, over much objection, doesn’t have a defining document that says here’s — heir’s the principal, here’s the interest, here’s the — in it.
So, as far as I’m concerned, sir, you did not prove your damages and I’m granting his motion to dismiss.
(Emphasis added).
The standard of review for an order granting a motion for involuntary dismissal is de novo. Deutsche Bank Nat’l Tr. Co. v. Huber, 137 So.3d 562, 563 (Fla. 4th DCA 2014). “An involuntary dismissal or directed verdict is properly entered only when the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case on the non-moving party’s claim.” McCabe v. Hanley, 886 So.2d 1053, 1055 (Fla. 4th DCA 2004) (quoting Hack v. Estate of Helling, 811 So.2d 822, 825 (Fla. 5th DCA 2002)). This is true even if the evidence of damages involved inadmissible hearsay erroneously admitted at trial. See Beauchamp v. Bank of N.Y., 150 So.3d 827, 829 n.2 (Fla. 4th DCA 2014).
In an analogous case from this court, Wachovia Mortgage, F.S.B. v. Goodwill, 199 So.3d 346, 348 (Fla. 4th DCA 2016), the bank introduced a payment history at trial that clearly showed the principal balance due on the note. The bank’s witness also testified that “the payment history accurately reflected all payments received and disbursed, along with the total amount due and owing on the loan.” Id. The trial court nonetheless dismissed the bank’s case for failure to prove damages. Id. at 347. On appeal, we reversed and remanded for further proceedings because “[t]he payment history and testimony of [the bankj’s witness were sufficient to present a prima facie case on damages and withstand involuntary dismissal.” Id. at 348; see also Lasala v. Nationstar Mortg., LLC, 197 So.3d 1228, 1230 (Fla. 4th DCA 2016) (explaining that the dismissal of a foreclosure action for failure to prove damages was inappropriate because an admitted loan payment history provides “some evidence the trial court can use to support a judgment on the principal amount owed”).
Here, although Bayview’s witnesses failed to confirm or interpret appellees’ loan payment history, the payment history showing the principal amount due was admitted into evidence. When considered in the light most favorable to Bayview, this evidence was sufficient to establish a pri-ma facie case on damages. Having admitted Bayview’s proof of damages, albeit in a form not easily comprehensible, the trial court should not have granted appellees’ motion for involuntary dismissal. Although we sympathize with the trial court’s frustration when faced with this situation, less drastic methods than dismissal are available for dealing with such an issue.
Accordingly, we reverse the involuntary dismissal and remand for a new trial.

Reversed and Remanded.

Taylor and Forst, JJ., concur.