IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NATIONSTAR MORTGAGE, LLC,

      Appellant,

 v.                                  Case No. 5D15-3945

U.N. KEE WING, BANK OF AMERICA,
N.A., SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING, LP
OAKS MASTER PROPERTY OWNERS,
ET AL.,

      Appellees.

_____/

Opinion filed January 27, 2017

Appeal from the Circuit Court
for Osceola County,
Scott Polodna, Judge.

David W. Rodstein, of Rodstein Law, P.A.,
Tamarac, for Appellant.

Isaac Manzo, Manzo & Associates, P.A.,
Orlando, for Appellees.

LAMBERT, J.

     Nationstar Mortgage, LLC, ("Appellant") appeals the trial court's involuntary dismissal of its action for foreclosure and reestablishment of a lost promissory note at the close of its case-in-chief at trial. Based on the principles that we must apply when reviewing a trial court's consideration of a motion for involuntary dismissal, we are constrained to reverse the final order.

This case began when the original lender filed a one-count complaint against the borrower to foreclose upon the mortgage that it held on the borrower's real property. The lender attached to its complaint a copy of the note and mortgage. Appellant later moved to substitute as a party-plaintiff and to amend the complaint, alleging that the note and mortgage had been transferred and assigned to it by the original lender and that it was now entitled to enforce the note and mortgage. Appellant also sought to reestablish the promissory note, alleging that it was now the holder of the note but that the note had been lost or destroyed and its whereabouts could not be determined. Appellant further alleged that the loss of possession of the note was not the result of a transfer or lawful seizure and that it was in possession of the note and was entitled to enforce it when the loss of possession occurred.

At trial, Appellant presented an affidavit of lost note, to which a copy of the previously described promissory note, now with a blank indorsement from the original lender to Appellant, was attached. The trial court, over objection, admitted this affidavit of lost note and the copy of the promissory note into evidence. The affidavit explained that the Appellant first acquired possession of the note on or before February 22, 2013, and as the noteholder, it was entitled to enforce the note when the loss of possession occurred. The affiant also attested that, after diligent search, the note could not reasonably be obtained because its whereabouts could not be determined and that Appellant agreed to indemnify and hold harmless the borrowers if some unknown party thereafter sought to enforce the note against them. Finally, Appellant presented a witness who testified, without objection, that Appellant's loss of possession of the note was not the result of a transfer or a lawful seizure.

After Appellant concluded with the presentation of its evidence, Appellee moved for an involuntary dismissal.  Although its explanation was not entirely clear, the trial court orally granted the motion, apparently based on Appellant's failure to establish standing and the insufficiency of the evidence to reestablish the lost note.  The court then entered the unelaborated order now on appeal.

"The standard of review for a trial court's ruling on a motion for involuntary dismissal is de novo."  *Deutsche Bank Nat'l Tr. Co. v. Baker*, 199 So. 3d 967, 968 (Fla. 4th DCA 2016) (citing *Deutsche Bank Nat'l Tr. Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014)).

"In making a motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b), 'the movant admits the truth of all facts in evidence and every reasonable conclusion or inference' that can be drawn from the evidence favorable to the non-moving party."  *Luciani v. Nealon*, 181 So. 3d 1200, 1202 (Fla. 5th DCA 2015) (quoting *Day v. Amini*, 550 So. 2d 169, 171 (Fla. 2d DCA 1989)).  Essentially, the trial court must view the evidence in the light most favorable to the plaintiff, *Wright v. Emory*, 41 So. 3d 290, 292 (Fla. 4th DCA 2010), and it may not consider the credibility of the witnesses or the weight of the evidence in ruling on the motion for involuntary dismissal. *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995). "An involuntary dismissal . . . is properly entered only when the evidence considered in the light most favorable to the non-moving party fails to establish a *prima facie*[1] case on the non-moving party's claim."  *Hack v. Estate of Helling*, 811 So. 2d 822, 825 (Fla. 5th

[1] A prima facie case is defined as "the establishment of a legally required rebuttable presumption" or "[a] party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Prima Facie Case*, Black's Law Dictionary (10th ed. 2014).

3

DCA 2002) (citing *Wimbledon Townhouse Condo. I Ass'n v. Wolfson*, 510 So. 2d 1106, 1109 (Fla. 4th DCA 1987)).

In its action to reestablish the lost note, Appellant was required to satisfy the requirements detailed in section 673.3091, Florida Statutes (2015), to prevail. *See Fed. Nat'l Mortg. Ass'n v. McFadyen*, 194 So. 3d 418, 420 (Fla. 3d DCA 2016). That statute provides:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
>
> (a) the person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

§ 673.3091(1), Fla. Stat. (2015). "A party seeking to reestablish a lost note may meet these requirements either through a lost note affidavit or by testimony from a person with knowledge." *Home Outlet, LLC v. U.S. Bank Nat'l Ass'n*, 194 So. 3d 1075, 1077–78 (Fla. 5th DCA 2016) (citing *Figueroa v. Fed. Nat'l Mortg. Ass'n*, 180 So. 3d 1110, 1114 (Fla. 5th DCA 2015)).

Viewing the evidence admitted at trial in the light most favorable to Appellant, the lost note affidavit and the testimony of Appellant's witness established the

4

aforementioned elements for reestablishment of a lost note.[2] Furthermore, Appellant presented prima facie evidence of its standing to foreclose the mortgage, as a copy of the original note was attached to the initial complaint filed by the original lender, an assignment of the mortgage from the original lender to Appellant predating the filing of the amended complaint was admitted into evidence without objection, and the lost note affidavit admitted into evidence demonstrated that Appellant acquired possession of the note on or before February 22, 2013, which is also prior to the filing of its amended complaint. *See Figueroa*, 180 So. 3d at 1115. While the trial court, after the presentation of all the evidence and the closing arguments, sitting as the trier-of-fact in this case, could, at that time, "appropriately consider any uncertainty, contradiction, or persuasiveness in the evidence when rendering its judgment, that kind of comparative analysis had no place in the context of a motion for involuntary dismissal." *Deutsche Bank Nat'l Tr. Co. v. Kummer*, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016).

Accordingly, because Appellant's evidence before the court at the time Appellee moved for involuntary dismissal established a prima facie case, we reverse the order of dismissal on appeal and remand this case for further proceedings.

REVERSED and REMANDED.

SAWAYA and EVANDER, JJ., concur.

---

[2] We take no position as to whether the lost note affidavit and the previously described testimony of the witness should have been admitted into evidence as that is not integral to our analysis whether the involuntary dismissal entered was proper. *See Baker,* 199 So. 3d at 968 ("Where a foreclosure plaintiff presents evidence of the amount of damages under the loan, there is sufficient prima facie evidence of damages to preclude an involuntary dismissal, even if the evidence of damages was based on inadmissible hearsay that was erroneously admitted at trial." (citing *Beauchamp v. Bank of N.Y.*, 150 So. 3d 827, 829 n.2 (Fla. 4th DCA 2014); *Peuguero v. Bank of Am., N.A.*, 169 So. 3d 1198, 1203–04 (Fla. 4th DCA 2015)).