NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES M. HEYWARD,                    )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D16-339
                                     )
WELLS FARGO BANK, N.A.,              )
                                     )
          Appellee.                  )
_____ )

Opinion filed March 2, 2018.

Appeal from the Circuit Court for Sarasota
County; Nancy K. Donnellan, Senior Judge
and Rochelle T. Curley, Judge.

Michael P. Fuino of Weidner Law, P.A.,
St. Petersburg, for Appellant.

Kimberly S. Mello and Robert Schneider of
Greenberg Traurig, P.A., Tampa, and
Michele L. Stocker of Greenberg Traurig,
P.A., Ft. Lauderdale, for Appellee.


KELLY, Judge.

          James Heyward appeals the final judgment of foreclosure entered in favor

of Wells Fargo Bank, N.A.  Heyward raises a variety of issues in this appeal, none of

which provide a basis to reverse the final judgment.  We write only to address his

contention that Wells Fargo's evidence was insufficient to prove it had standing.

In August 2007 Heyward executed and delivered a note and mortgage to World Savings Bank, F.S.B.  The note was payable to "World Savings Bank, FSB, a Federal Savings Bank, its successors and/or assignees, or anyone to whom this note is transferred."  In December 2007, World Savings amended its charter and bylaws to change its name to Wachovia Mortgage, F.S.B.[1]  Heyward later defaulted on the note, so in early 2009 Wachovia sued to foreclose.  Later that year, Wachovia was converted into a national bank with the name Wells Fargo Bank Southwest, National Association, which then merged simultaneously into Wells Fargo Bank, N.A.  Because of the merger, Wachovia had Wells Fargo substituted as Plaintiff in the foreclosure action.  In the operative complaint, Wells Fargo alleges it "holds [the] Note and Mortgage by virtue of a merger or chain of mergers with and/or name change of the original lender."

Wells Fargo's evidence at trial consisted of a copy of the original note and mortgage, the originals of which had been filed with the court, the testimony of a Wells Fargo loan verification analyst, and certifications from the Office of the Comptroller of the Currency certifying that World Bank had changed its name to Wachovia in 2007 and that Wachovia had merged into Wells Fargo in 2009.  The note bore no endorsements nor were any assignments attached to the note.

Heyward first contends Wells Fargo did not prove Wachovia had standing when it filed to foreclose "because there was no evidence that Wachovia acquired the Homeowner's note and mortgage via merger or that it possessed the original note on the day the lawsuit was filed."  This argument is nonsensical because it rests on the

_____

[1]In 2006 World Bank's parent company merged with Wachovia.  The name change to Wachovia was part of the integration procedures the banks went through after the merger.

fallacy that World Bank and Wachovia merged and therefore, the note must have changed hands. It ignores the actual evidence introduced at trial. The evidence showed that after Heyward executed and delivered the note to World Savings Bank, World Savings Bank changed its name to Wachovia. The note along with the certificate showing World Bank changed its name to Wachovia proved that Wachovia was the originating lender and, thus, the owner and holder of the note and mortgage when it filed to foreclose in 2009. See Wachovia Mortg., F.S.B. v. Goodwill, 199 So. 3d 346, 347 (Fla. 4th DCA 2016); see also Lewis v. J.P. Morgan Chase Bank, 138 So. 3d 1212, 1213 (Fla. 4th DCA 2014).

Continuing in the same vein, Heyward argues Wells Fargo did not prove standing at the time of trial. His argument, however, is that Wells Fargo was required to prove its entitlement to enforce the note under section 673.3091, Florida Statutes (2014), which provides for the enforcement of lost, destroyed, or stolen instruments. The inapplicability of this statute is obvious. No evidence suggests the note was lost, destroyed, or stolen. Rather, it shows that Wachovia merged into Wells Fargo. As a result of this merger, Wells Fargo became Wachovia's successor and the owner and holder of the note by operation of law. See 12 U.S.C. § 215a(e) (2012) (providing that when a national bank merges with another banking entity, the "receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger" and that "[a]ll rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer");

<u>Goodwill</u>, 199 So. 3d at 348. The testimony of Wells Fargo's loan analyst confirmed that Wells Fargo, Wachovia, and World Bank were the same entity.

In conclusion, Heyward's standing arguments fail because, among other things, he bases them entirely on the notion that his note changed hands in some fashion after he delivered it to World Savings Bank in 2007. On the contrary, the evidence establishes that the note was never endorsed, assigned, or transferred and that from the time Heyward executed it in 2007 until the time of trial, the note continued to be held by the original lender despite the name change and the merger. Accordingly, we affirm.

Affirmed.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.