DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE BANK OF NEW YORK MELLON** f/k/a **THE BANK OF NEW YORK,**
as Trustee for **THE CWALT INC. ALTERNATIVE LOAN TRUST 2005-
59, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-59,**
Appellant,

v.

**GUSTAVO A. AVIGLIANO, ANDREA GONZALEZ AVIGLIANO,
627VISCONTI LLC, CITY NATIONAL BANK OF FLORIDA,
VISCONTI CONDOMINIUM ASSOCIATION, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
as Nominee for **AMERICA'S WHOLESALE LENDER,**
Appellees.

No. 4D2024-1471

[June 11, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Christopher W. Pole, Senior Judge; L.T. Case No. 18-028844 CACE.

Heather L. Griffiths of Padgett Law Group, Tallahassee, for appellant.

Aaron R. Cohen, Miami, for appellee 627Visconti, LLC.

CIKLIN, J.

The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the CWALT Inc. Alternative Loan Trust 2005-59, Mortgage Pass-Through Certificates, Series 2005-59 (the "Bank") appeals an order granting 627Visconti LLC's motion for involuntary dismissal. We find that the trial court erred by dismissing the Bank's foreclosure count where the Bank presented a prima facie case of damages, and we reverse.

In the proceedings below, following the Bank's presentation of its case-in-chief, the trial court granted 627Visconti's motion for involuntary dismissal, reasoning that the Bank had not met its burden of establishing a prima facie case of damages. The trial court explained that, while the Bank's witness testified to training and experience in the loan onboarding

process for two of the servicers, the trial court had not heard any testimony about the other servicers.

"The standard of review for an order granting a motion for involuntary dismissal is de novo." *Wells Fargo Bank, N.A. v. Eisenberg*, 220 So. 3d 517, 522 (Fla. 4th DCA 2017).

"An involuntary dismissal or directed verdict is properly entered only when the evidence considered in the light most favorable to the non-moving party fails to establish a *prima facie* case on the non-moving party's claim." *Id.* at 522 (quoting *McCabe v. Hanley*, 886 So. 2d 1053, 1055 (Fla. 4th DCA 2004)). "We can affirm an involuntary dismissal 'only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party.'" *Id.* (quoting *Green Tree Servicing LLC v. Sanker*, 204 So. 3d 496, 497 (Fla. 4th DCA 2016)).

With respect to proving various amounts due in a foreclosure suit, a plaintiff must introduce "some evidence regarding the outstanding debt." *Liberty Home Equity Sols., Inc. v. Raulston*, 206 So. 3d 58, 60 (Fla. 4th DCA 2016). "Where a foreclosure plaintiff presents evidence of the amount of damages under the loan, there is sufficient prima facie evidence of damages to preclude an involuntary dismissal, *even if the evidence of damages was based on inadmissible hearsay that was erroneously admitted at trial.*" *Eisenberg*, 220 So. 3d at 522 (emphasis added) (quoting *Deutsche Bank Nat'l Tr. Co. v. Baker*, 199 So. 3d 967, 968 (Fla. 4th DCA 2016)); *see also Bayview Loan Servicing, LLC, v. Del Lupo*, 208 So. 3d 97, 98 (Fla. 4th DCA 2017) (reversing involuntary dismissal and remanding for new trial where payment history showing principal amount due was admitted into evidence, even though proof of damages was "in a form not easily comprehensible" and bank's witness "failed to confirm or interpret" loan payment history); *Wachovia Mortg., F.S.B. v. Goodwill*, 199 So. 3d 346, 348 (Fla. 4th DCA 2016) (reversing involuntary dismissal and remanding for new trial on damages where evidence of damages erroneously admitted without proper foundation).

Here, the Bank presented evidence to show the amount of damages under the loan, including the loan payment history, the composite amount due and owing, and the accompanying testimony of the Bank's witness, an employee of the servicer. Regardless of whether the evidence was properly admitted, the Bank provided prima facie evidence of damages, so the trial court erred by granting the involuntary dismissal.

Because of the likelihood that the issue will arise on remand, we further address the trial court's perceived deficiency in the Bank's evidence due to

2

the lack of testimony regarding prior servicers. This issue concerns the admissibility of business records as an exception to the hearsay rule under section 90.803(6)(a), Florida Statutes (2024). Under this statute, "the proponent must show that (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record." *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008).

Additionally, "[w]here a business takes custody of another business's records and integrates them within its own records," a proponent must demonstrate "that the successor business relies upon those records and 'the circumstances indicate the records are trustworthy.'" *Bank of N.Y. v. Calloway*, 157 So. 3d 1064, 1071 (Fla. 4th DCA 2015) (quoting *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993)). The latter requirement may be established by "evidence of a business relationship or contractual obligation between the parties that ensures a substantial incentive for accuracy," or "the successor business itself may establish trustworthiness by independently confirming the accuracy of the third-party's business records upon receipt." *Id.* at 1072.

> "[T]he authenticating witness need not be 'the person who actually prepared the business records.'" *Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014) (quoting *Cooper v. State*, 45 So. 3d 490, 492 (Fla. 4th DCA 2010)). As such, it is not necessary to present a witness who was employed by the prior servicer or who participated in the boarding process. *See Nationstar Mortg., LLC v. Berdecia*, 169 So. 3d 209, 213-14 (Fla. 5th DCA 2015); *Le v. U.S. Bank*, 165 So. 3d 776, 778 (Fla. 5th DCA 2015). Rather, the records of a prior servicer are admissible where the current note holder presents testimony that it "had procedures in place to check the accuracy of the information it received from the previous note holder." *Holt v. Calchas, LLC*, 155 So. 3d 499, 506 (Fla. 4th DCA 2015). The testifying witness "just need[s][to] be well enough acquainted with the activity to provide testimony." *Cayea*, 138 So. 3d at 1217. "Once this predicate is laid, the burden is on the party opposing the introduction to prove the untrustworthiness of the records." *Love v. Garcia*, 634 So. 2d 158, 160 (Fla. 1994).

*Eisenberg*, 220 So. 3d at 521 (quoting *Ocwen Loan Servicing, LLC v. Gundersen*, 204 So. 3d 530, 533-34 (Fla. 4th DCA 2016)).

Here, in addition to testifying to the factors outlined in section 90.803(6)(a), the Bank's witness sufficiently established the trustworthiness of the records on which the servicer had relied. The Bank's witness repeatedly testified to the onboarding process in which the current servicer and immediate prior servicer independently verify the accuracy of a third-party business's records upon receipt. That process includes placement in a test environment, a test for accuracy and completeness, and procedures for exclusion of the loan where "red flags" appear that cannot be resolved. Only when this testing is complete are the prior servicer's records incorporated into the current servicer's records. Accordingly, the Bank's witness sufficiently authenticated the records for admission into evidence.

Because the Bank provided sufficient evidence to withstand the motion for involuntary dismissal, we reverse the dismissal, and we remand the case for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

GROSS, J., and SURBER, MELANIE DALE, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4